UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELECTRICAL CONSTRUCTION INDUSTRY
PREFUNDING CREDIT REIMBURSEMENT PLAN, *et al.*,

                  Plaintiffs,

v.                                          Case No. 19-cv-647-pp

COATES ELECTRIC, LLC,

                  Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 6) AND DISMISSING CASE**

---

On May 3, 2019, the plaintiffs filed a complaint against Coates Electric, LLC, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132, 1145, and breach of contract. Dkt. No. 1. The plaintiff requested entry of default on June 17, 2019, dkt. no. 5, and the clerk entered default on June 17, 2019. The plaintiffs subsequently filed a motion for default judgement, dkt. no. 6, along with affidavits in support of their request for damages, attorney's fees and costs, dkt. nos. 6-2 through 6-6. The defendant has not appeared. The court will grant the motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

1

court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on May 3, 2019. Dkt. No. 1. On May 16, 2019, they filed an affidavit of service. Dkt. No. 4. The affidavit indicates that a state process server served the summons and complaint on Brody Coates as registered agent for the defendant on May 22, 2019.[1] Id. The defendant's answer was due within twenty-one days of that date. This means that the defendant's deadline for answering or otherwise responding to the complaint was June 12, 2019.

Rule 4(h) of the Federal Rules of Civil Procedure provides that a party must serve a corporation:

> (1) In a judicial district of the United States:
>
> > (A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) By delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Rule 4(h). On the facts before it, the court finds that the plaintiff properly served the defendant under Rule 4(h)(1)(B).

---

[1] Both the complaint, dkt. no. 1, and the website for the Wisconsin Department of Financial Institutions list Brody Coates, N65W27528 Maple St, Sussex, WI 53089-3387, as the registered agent for Coates Electric, LLC. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=C074741&hash=117042779&searchFunctionID=729095b7-06fe-400f-9fba-cc81e62ff630&type=Simple&q=Coates.

2

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

After the entry of default, the plaintiffs may move for default judgment under Rule 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint states a claim that the defendant has violated ERISA by failing to make timely contributions to the plaintiff trust funds for covered employees in accordance with the collective bargaining agreements. Dkt. No. 1 at 8. The complaint also states a claim that the defendant breached the trust agreement rules, which obligated the defendant to make timely contributions to

3

the plaintiff trust funds as required by the collective bargaining agreements. Id. at 9. Those allegations establish liability. ERISA entitles the plaintiff to damages consisting of unpaid contributions, liquidated damages and reasonable attorney's fees and costs of the action. 29 U.S.C. §1132(g)(2).

The motion for entry of default judgement and supporting affidavits contain an accounting of the plaintiffs' damages, attorney's fees and costs. See Dkt. Nos. 6-2 through 6-6. The plaintiffs submitted itemized attorney's fees in the amount of $3,225, dkt no. 6-5 at 2, and costs in the amount of $470, dkt. no 6-6 at 2. They also submitted an affidavit (attaching several agreements between parties) reporting the results of audits covering the periods of 2017, October 2018, and November 2018 through May 2019. Dkt. No 6-3. The court concludes that the defendant owes plaintiffs $579,332.67 in delinquent contributions, omissions, credits, liquidated damages, and estimated monthly contributions, and will approve an award of $3,695 in attorney's fees and costs. The amount of unpaid contributions, liquidated damages, and attorney's fees and costs totals $583,027.67.

### III. CONCLUSION

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 6.

The court **AWARDS** default judgment in favor of the plaintiffs and against the defendant in the amount of **$583,027.67**.

The court **ORDERS** that this case is **DISMISSED**. The court will enter

4

judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**